IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SA'MONE MARQUIS,<br><br>    Plaintiff,<br><br>    v.<br><br>INSPIRITEC, INC., et al.,<br><br>    Defendants. | Case No. 2:24-cv-0426-JDW |

## MEMORANDUM

Sa'mone Marquis has filed a civil action alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). Named as Defendants are Inspiritec, Inc. and Nick Mandillo. Ms. Marquis also seeks leave to proceed *in forma pauperis*. For the following reasons, I will grant the request to proceed *in forma pauperis* and dismiss the Complaint without prejudice. I will give Ms. Marquis an opportunity to file an amended complaint to address my conclusions about the deficiencies in her claims.

## I.     FACTUAL ALLEGATIONS

Ms. Marquis asserts violations of Title VII, the ADA, and the PHRA. She names Nick Mandillo and Inspiritec, Inc. as Defendants but does not otherwise describe Mr. Mandillo or any act he might have taken that gives rise to her claims.

Ms. Marquis worked for Inspiritec. She alleges that some sort of discriminatory conduct began on October 17, 2022, and that it encompassed termination from employment, failure to promote, failure to provide a reasonable accommodation to her disability, failure to stop harassment, unequal terms and conditions of employment, and retaliation. She claims this conduct was discriminatory based on race, color, and gender/sex. She provides no narrative detail, just a conclusion asserting "Failure to accommodate to my entensive [sic] list of disabilites [sic], [emotional] trauma, taunting, Harassment, continous [sic] payrool [sic] issues, verbal abuse, neglect, mistreatment, Discrimination, sexual harssment [sic] not taken seriosusly [sic], wrongfultemrination [sic], Unemployment compensation not approved just to name a few." (ECF No. 2 at II.E..) She seeks reinstatement, a promotion, reasonable accommodation to her disabilities, that she be granted a permanent remote position at pay of $50/hour with no set schedule, money damages, and a new Macbook Pro, Apple Watch, and an all-expense paid vacation. (*Id*. at IV.)

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. See *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a

motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. ANALYSIS

#### A. *In Forma Pauperis*

Ms. Marquis has completed the form on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that she cannot afford to pay the filing fees. Her application to proceed *in forma pauperis* demonstrates that she lacks the income or assets to pay the required filing fees. Therefore, I will grant her leave to proceed *in forma pauperis*.

#### B. Plausibility Of Claims

Ms. Marquis has not pled facts to establish any of her claims. Instead, her complaint only includes conclusory allegations.

*First*, her complaint falls short under Title VII or the PHRA (which is coextensive with Title VII). Title VII prohibits employment discrimination on the basis of race, color,

religion, sex, and national origin.  42 U.S.C. § 2000e-2(a).  Among other things, a plaintiff pursuing a claim under Title VII must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  Although Ms. Marquis checked boxes on the form she used to indicate her intent to assert Title VII claims based on her race, color, and sex, and that she suffered adverse employment actions, she has not provided any facts to show that she was qualified for the position in question or that the adverse action occurred under circumstances giving rise to an inference of discrimination.  She has failed to raise a reasonable expectation that discovery will reveal evidence that her membership in those classes was either a motivating or determinative factor in an adverse employment action.

In addition, Title VII applies only to an "employer." 42 U.S.C. § 2000e-2(a)(1).  Ms. Marquis asserts that Inspiritec was her employer, but she provides no detail about Mr. Mandillo's role. Title VII does not apply to coworkers and supervisors, only to an employer. *See Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir. 1996).  Because Ms. Marquis has not alleged that Mr. Mandillo was her employer, I will dismiss the Title VII claim against him for this additional reason.

*Second*, Ms. Marquis's complaint falls short under the ADA. Title I of the ADA prohibits employment discrimination on the basis of disability.  A plaintiff pursuing a

4

claim under the ADA must allege that she had a disability, among other things. *See Gaul v. Lucent Tech. Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). A person qualifies as "disabled" if she (1) has a physical or mental impairment that substantially limits one or more of her major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(2). Major life activities include "those activities that are of central importance to daily life" and includes functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002). Ms. Marquis asserts that she suffers from an "e[x]tensive list of disabilit[i]es," but she does not describe them. I therefore have no way of determining whether she is a person who qualifies as disabled under the ADA. I cannot credit the conclusory allegation that she has disabilities.

## IV.  CONCLUSION

I will grant Ms. Marquis's request to proceed *in forma pauperis*, but I will dismiss her Complaint. I will do so without prejudice. Ms. Marquis may file an amended complaint that sets forth the additional detail that is necessary to state a plausible claim. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

February 22, 2024